June, 1811.

LAY
v.
KING.

JOHN LAY, jun. *against* JOSEPH KING, JAMES HAYNES, JOHN
GILBERT, LYNDE L. TINKER, DOTY DENISON, KEENEY
AMES, CHAMPLIN LESTER, JOHN LAY KING, JONATHAN
KING, JEDEDIAH BECKWITH, SAMUEL INGRAHAM, jun.
ELISHA SHEFFIELD ROBBINS and SAMUEL ROBBINS:

IN ERROR.

In an action of trespass for disturbing the plaintiff in the use of his fishery, the defendants justified under a *plea of title*; wherein they stated, that the *locus in quo*, was a part of *Connecticut* river, on the west side of the *great flats* or *middle ground* in said river, more than 180 rods from the eastern shore thereof; which flats had been used and enjoyed by all the citizens of the state, as a common fish-place, from time immemorial, and by the defendants, in common with other citizens, for more than 15 years; and that the acts complained of were done by them in virtue of such common right: it was held, that this plea was within the provisions of Stat. *tit.* 165. *c.* 1. *s.* 18, 19.; and that, the title of the defendants to the *locus in quo* was "paramount" to the title of the plaintiff, within the meaning of the statute.

An adjoining proprietor, on a navigable river, possesses an exclusive right to take fish on his own land; but the right of fishing in such river is a common right.

THIS was an action of *trespass*, brought originally against the defendants in error, before *Andrew Griswold*, Esq. a justice of the peace.

It was alleged in the declaration, that on the 24th day of *April*, 1810, the plaintiff was seised, as tenant for years, of a certain tract of land, and a fish-place, in *Lyme*, near the mouth of *Connecticut* river, abutting westerly on *Connecticut*

river, and running into the same; that on said 24th day of *April*, the plaintiff was in the actual possession of said land and fish-place, and was peaceably drawing his seine in and upon the same; when the defendants, with force and arms, entered into and upon said land and fish-place, and with like force, and against the mind and will of the plaintiff, drew their seine in said fish-place, and with like force, prevented the plaintiff from improving his said fishery, and from taking great quantities of fish which were then and there in said fish-place; and which doings of the defendants are against the peace of this state, and to the damage of the plaintiff, seven dollars, &c.

Before the justice, the defendants severally pleaded, as follows, *viz.* that the plaintiff of having and maintaining his said action, ought to be barred, because they say, that though true it is, they entered upon the said fish-place, at the time in said declaration described, yet they say, that the said place where they entered and fished, is a part of the great river, called *Connecticut* river, which is a salt-water river, and on the west side of the great flats or middle ground in said river, more than one hundred and eighty rods from the east shore of said river; which said flats or middle ground have been used and improved by the good people of this state as a common fish-place, and they have been accustomed to fish at said place for more than fifty years; and the defendants have, for more than fifteen years, been accustomed to fish at said place, and in the free use, in common with all the citizens of this state, of taking fish on or near said flats in said river: And the defendants aver, that at the time said pretended trespass is said to have been done, they, in virtue of said common right, which, by the citizens of this state, had been used and enjoyed from time immemorial, and by the defendants in common with other citizens, for more than fifteen years, entered into and upon said fishery in said declaration described, and did securely fish and enjoy their own rights, and molesting no one, as by law they had a right to do. And they further say, that this is the only way and manner in which they have done

Vol. V.                    K

June, 1811.

LAY
v.
KING.

the acts complained of by the plaintiff; and said flats or great bank, in said river, is the only place where said pretended prespass was done, which being a common right, they enjoyed the same as aforesaid, &c.

The plea was recorded, and the process and record certified to the County Court, according to the provisions of the statute.(a)

The plaintiff demurred specially to the plea of the defendants, and for special cause of demurrer alleged the following exceptions :

1. That the defendants' plea of title does not answer the whole of the plaintiff's declaration, in this, that it alleges pretended title only to a part of the premises on which the plaintiff declares the trespass to have been committed, and does not traverse the fact, or offer any issue as to the other part of the premises embraced in the plaintiff's declaration, and on which the trespass is averred to have been committed, and which is not embraced in the defendants' plea.

2. The plea does not answer the whole of the trespass, alleged in the plaintiff's declaration to have been committed.

3. The plea sets forth the pretended title, in a manner wholly insufficient, in this, that the title set forth, if any, is a title by prescription ; which is not averred to have been immemorial, peaceable, uninterrupted and acquiesced in.

4. It does not appear by the plea, that the defendants' title, such as it is, was adverse to the title of the plaintiff, or any justification for the trespass claimed to have been committed, the plaintiff having been in the actual use and possession of the premises.

5. The plea is diffuse, argumentative, and contains no distinct, single and positive allegation of facts, on which an issue can be formed.

6. The title set forth in the plea is wholly insufficient, and such as is not recognized in the law.

The Superior Court adjudged the plea sufficient, and ren-

(a) 1 Stat. Conn. tit. 165. c. 1. s. 18.

dered judgment for the defendants. To reverse this judgment the present writ of error was brought.

*Daggett* and *Gurley,* for the plaintiff in error. The following authorities were cited. *Grimstead* v. *Marlowe,* 4 *Term Rep.* 717. *Fitch* v. *Rawling & al.* 2 *H. Black.* 393. 1 *Swift's System,* 343.

*Law* and *N. Smith,* contra. They cited *Carter & al.* v. *Murcot & al.* 4 *Burr.* 2162. The mayor, &c. of *Orford* v. *Richardson,* 4 *Term Rep.* 437. *Warren* v. *Matthews,* 6 *Mod.* 73. Lord *Fitzwalter's* case, 1 *Mod.* 105, 6.

BRAINARD, J. (after stating the case,) delivered the unanimous opinion of the court, as follows.

The first question is, whether, from the pleadings in this case, any title has been shewn, which can be brought within the meaning of our statute, by virtue of which, the cause could be removed to the County Court ? If this be so, then the second question is, whether the plea of the defendants is sufficient, both in point of form and substance ?

The words of the statute are, " that when, in any action of trespass, brought before an assistant, or justice of the peace, the defendant shall justify upon a plea of title, a record shall be made thereof, and the matter of fact shall be taken *pro confesso,* and the party making such plea, shall become bound with one or more sureties, by way of recognizance, unto the adverse party, in a reasonable sum, not exceeding *sixty seven dollars,* on condition that he shall pursue his plea, and bring forward a suit for a trial of his title at the next inferior court of common pleas, to be holden for the county in which such trespess is alleged to be done ; and pay and satisfy all damages and costs, as by the court shall be awarded against him," &c. " Or, if upon trial before the said court, he shall not make out a title to the land or tenement on which the trespass is laid to be done, paramount to the possession, or other title of the adverse party, judgment shall be rendered for the party trespassed upon,

for treble damages, and costs of suit." 1 *Stat. tit.* 165. *s.* 18, 19.

As to bringing forward an original action, or an action in its literal sense, it cannot, perhaps, in any instance be done. The defendants, in the present case, had no cause of action; there was nothing on which to found one.

This statute, like many others of obscure import in point of expression, has, I apprehend, received a permanent construction, by an uniform course of decisions. The action intended by the statute, must be the plea, called *the plea of title,* which constitutes the defendant's justification for doing the acts complained of. The facts stated in this plea, the defendant is bound to verify and support.

A question arises, what is intended by " a title paramount to the possession, or other title of the adverse party ?" I apprehend the sound construction of this part of the statute, is this, that in an action of trespass for an injury done to real property, if the defendant, in his justification, sets up such an interest in the *locus in quo,* as if supported, would give him right and authority to do the acts complained of, he sets up a title paramount to the title of the adverse party, within the meaning of the statute.

The question, then, is, have the defendants in their plea, stated such facts, as in point of law, would be a justification ? Where a man, by labour and expence, makes a fishery, without obstructing or infringing upon previous existing rights, he ought to be protected in the enjoyment of it. An adjoining proprietor on a navigable river, has an exclusive right to draw a seine on his own land ; but, the right of fishery in such river is free and common to all the citizens of the state; and this court is bound to consider *Connecticut* river a navigable river. A variety of public statutes have been enacted, some of which are now in force, treating it as such. Penalties have been enacted to prevent the obstruction of its navigation.

The defendants aver, that the acts complained of, were done by them in *Connecticut* river, in the exercise and enjoyment of this public and common right ; and deny that

they interrupted or molested the plaintiff in the exercise and enjoyment of his right.

The defendants, in their plea, which is their declaration, and which they were bound to support, have set forth a right to take fish in the waters adjacent to the plaintiff's land ; which is the act complained of. They, therefore, in that particular, shew title paramount to the title of the plaintiff, within the true construction and meaning of the statute.

I am, therefore, of opinion, that there is no error.

Judgment affirmed.